RECEIVED
IN LAKE CHARLES, LA
APR 14 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GALYN AND JAMES MONTGOMERY | : | DOCKET NO. 07 CV 2129 |
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE AND CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Remand, [doc. 6], filed by the plaintiffs Galyn and James Montgomery (hereinafter "the Montgomerys"). The defendants, State Farm Fire and Casualty Company (hereinafter "State Farm"), filed an Opposition [doc. 8]. The Montgomerys filed a Reply [doc. 10].

## FACTS

This suit arises out of damages the Montgomerys allegedly incurred to their home as a result of Hurricane Rita.[1] In their complaint, the Montgomerys alleged damages to their home in the amount of $79,247.34.[2] The Montgomerys also alleged that State Farm failed to pay the amount of their claim, which could entitle them to penalties and/or attorney's fees pursuant to LA. REV. STAT. ANN. 22:658 and 22:1220.[3] The initial petition was served on September 14,

---

[1] Compl. ¶ 3 [doc. 1-1].

[2] *Id.* ¶ 6.

[3] *Id.* ¶¶ 7-10.

1

2007.[4] State Farm filed a Notice of Removal on December 6, 2007.[5] State Farm's Notice of Removal was premised on diversity jurisdiction, and states that the amount in controversy exceeds the $75,000 threshold based on the home damage and statutory penalties alleged in the Montgomerys' initial state court petition.[6]

## ANALYSIS

Pursuant to 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, provided that the plaintiff's initial pleading is removable, the defendant has thirty days in which to file notice of removal. *Id.* If the plaintiff's initial pleading is not removable but later becomes removable, the defendant has thirty days from receiving the document from which "it may first be ascertained that the case is one which is or has become removable" to file notice of removal, provided that removal is filed no later than one year from the filing of the initial complaint if federal jurisdiction is premised on diversity. *Id.*

The removing party bears the burden of proving the propriety of removal. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995). Moreover, "federal courts have been directed to construe the removal statute against removal and in favor of remand to

---

[4] *Id.*

[5] Notice of Removal [doc. 1].

[6] *Id.* ¶¶ 12-14.

state court." *Rush v. Am. Security Ins. Co.*, 2006 WL 3733817, *1 (E.D. La. Dec. 14, 2006). The Fifth Circuit has held that the one-year limit for removal is subject to equitable exceptions. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) (applying equitable estoppel to keep a case in federal court). In *Tedford*, the plaintiff engaged in clear forum manipulation by adding a new non-diverse defendant upon learning that the defendants planned to remove to federal court, and by signing and post-dating a notice of non-suit as to the non-diverse defendant before the one-year period expired, but not filing the notice until after the one-year period expired. *Id.* at 425. Thus, the Fifth Circuit found that when a plaintiff "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id.* at 428-29. Subsequent cases noted that the plaintiff in *Tedford* engaged in "manipulative and seemingly fraudulent" maneuvers to run the one-year limitations period. *See, e.g., William v. Nat'l Heritage Realty, Inc.*, 489 F. Supp.2d 595, 596 (N.D. Miss. 2007).

State Farm argues that the Notice of Removal was timely filed because it was filed within thirty days of receiving the Montgomerys' response to Requests for Admission "wherein plaintiff denied that the amount in controversy did not exceed $75,000."[7] Here, State Farm argues that the Montgomerys' petition was not removable on its face, but became removable when the Montgomerys filed their response to Requests for Admission. State Farm argues that its removal petition was timely filed because under 28 U.S.C. § 1446(b), if a case later becomes removable, the defendant has thirty days in which to file notice of removal.

---

[7] Notice of Removal ¶ 3 [doc. 1].

The Montgomerys argue that the initial pleading was removable on its face due to the $79,247.34 allegation of damage as well as penalties and attorney's fees pursuant to LA. REV. STAT. ANN. 22:658 and 22:1220. The Montgomerys argue that State Farm failed to timely file its removal petition because State Farm did not remove within thirty days of the filing of the initial pleading.

In determining whether the initial pleading triggered the thirty-day period, the Fifth Circuit employs a bright line rule and requires the face of the petition to "affirmatively reveal" that damages exceed the jurisdictional amount. *Chapman v. Powermatic*, 969 F.2d 160, 163 (5th Cir. 1992). This differs from the "facially apparent" test under which the parties argue. The facially apparent test is one way a removing defendant can demonstrate that the amount in controversy exceeds $75,000 to retain federal jurisdiction. *See, e.g., Lucas v. Lowe's Home Center, Inc.*, 2005 WL 3543144, *2 (E.D. La. Nov. 16, 2005).

Here, the Montgomerys affirmatively alleged damages in the amount of $79,247.34 in the state court petition. The Montgomerys also alleged penalties and attorney's fees pursuant to LA. REV. STAT. ANN. 22:658 and 22:1220. In fact, in its Removal Petition, State Farm states that the jurisdictional amount is satisfied based on the Montgomerys' allegations in their petition. State Farm also attempted to remove within thirty days of the initial petition. Thus, State Farm's argument that the Montgomerys' petition was "not clear" as to the amount of damages is unavailing. Accordingly, this Court holds that the Montgomerys' state court petition triggered the thirty-day period, and therefore State Farm's removal was untimely filed. Because State Farm's removal petition was untimely filed, the only way this Court can deny the Motion to Remand is if an equitable exception applies.


State Farm also argues that this Court should employ equity to toll the thirty-day period and consider its removal petition timely filed. On October 11, 2007, State Farm's counsel, Todd Ammons, filed a Notice of Filing of Removal with the 14th JDC, which provided notice that State Farm had filed a Notice of Removal with the United States District Court for the Western District of Louisiana.[8] Mr. Ammons' runner then mistakenly filed the Notice of Removal in the Clerk's Office for the Western District of Calcasieu Parish and not the federal court.[9] On October 18, 2007, Mr. Ammons fell ill with bacterial endocarditis and was hospitalized and then home-bound for approximately four weeks.[10] Mr. Ammons did not realize the pleading was improperly filed until early December 2007.[11] Thus, State Farm argues that this Court should employ equitable tolling and consider its Removal timely filed because this is an exceptional case due to counsel's mistaken filings and illness.

In support of its equity argument, State Farm argues that this case is one of the rare cases under *Reece* where an exception to the thirty-day time period is appropriate. *See Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 842 (5th Cir. 1996). The *Reece* court considered equity in the context of the receipt rule and service of process. The *Reece* court found that service of process occurred when the defendant received a file-stamped copy of the petition, and declined to exercise its equitable powers because the case was "unexceptional." *Id.* Here, it is undisputed that service of process occurred on September 14, 2007, and thus *Reece* is not relevant.

---

[8] Def.'s Ex. D-1.

[9] Def.'s Ex. D-2.

[10] Def.'s Opposition to Pl.'s Mot. for Remand, at 2 [doc. 8].

[11] *Id.*

In their Reply Brief, the Montgomerys argue that State Farm's equitable tolling argument lacks merit because mistake or negligence is not sufficient to trigger equity. The Montgomerys also distinguish *Tedford* from this case, because in *Tedford* the plaintiff engaged in improper forum manipulation to avoid removal.

This Court agrees with the Montgomerys that equitable estoppel is inappropriate. The Fifth Circuit has employed equitable estoppel to toll the one-year cap on removal only when the plaintiff has engaged in "manipulative and seemingly fraudulent" maneuvers to run the one-year limitations period. There is no indication of any manipulation here; to the contrary, the Montgomerys' state court petition clearly alleges damages in excess of $75,000. Thus, this Court declines to expand the Fifth Circuit's equitable estoppel doctrine for removal petitions to cover mistake or negligence; accordingly,

IT IS ORDERED that the plaintiffs' Motion to Remand, [doc. 6], is hereby GRANTED.

Lake Charles, Louisiana, this 14 day of April, 2008.

PATRICIA H. MINALDI
UNITED STATES DISTRICT JUDGE